CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

APR 23 2024

LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| CHARLES DAVIS BURRELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:23-cv-00035 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SUSIE F. CARVER, | ) | By:   Hon. Thomas T. Cullen |
| | ) |          United States District Judge |
| Defendant. | ) | |

Following the court's issuance of an Order to show cause why this case should not be dismissed for lack of jurisdiction (ECF No. 11), Plaintiff Charles Davis Burrell filed a pleading in which he contends that this court has jurisdiction under 28 U.S.C. § 1367 and because he has alleged that Defendant Susie F. Carver has "'Committed-Financial-Elder-Abuse'…." (*See* Pl.'s Mem. of Law p. 1–2 [*sic* throughout], Apr. 19, 2024 [ECF No. 12].) Neither is availing.

As the court previously noted, it has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). That *original* jurisdiction must arise from either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction). If—and only if—the court has jurisdiction under one of those two statutes over some claim in a party's cause of action may it exercise supplemental jurisdiction over state-law claims *over which it would not otherwise have original jurisdiction* under 28 U.S.C. § 1367. Accordingly, section 1367 does not confer original jurisdiction over Plaintiff's claim(s) in this court.

Plaintiff's reference to "financial elder abuse" fairs no better. While there are numerous statutes that protect elderly individuals from predatory or insidious behavior, Plaintiff has not cited to a single one of them, let alone to a federal statute. *See* Fed. R. Civ. P. 8(a)(2). Here, the court cannot discern a federal cause of action where a family member fails to follow through on a promise to rent a house. There is simply no basis, on the sparse facts alleged, from which this court can discern a federal cause of action. Accordingly, Plaintiff has failed to establish jurisdiction under § 1331.

And, as the court noted in its prior order, both Plaintiff and Ms. Carver are citizens of Virginia. Diversity jurisdiction simply does not exist when the plaintiff and the only defendant are both residents of Virginia. *See, e.g.*, *Baker v. Bank of Am., N.A.*, No. 5:13-cv-92, 2014 WL 298909, at *8 (E.D.N.C. Jan. 27, 2014) (explaining that the district court lacked jurisdiction over the plaintiff's breach of contract claims because he and the defendant "are both residents of the same state"). Jurisdiction is lacking under § 1332 as well.

For all these reasons, Plaintiff has failed to show a jurisdictional basis in this court, *see* Fed. R. Civ. P. 8(a)(1), his case is **DISMISSED WITHOUT PREJUDICE**, and pending motions are **DENIED AS MOOT**, and the Clerk shall **STRIKE** this case from the court's active docket.

The Clerk is directed to forward a copy of this Order to the parties and to strike this case from the court's active docket.

**ENTERED** this 23rd day of April, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE